## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

RECEIVED

2018 NOV 15  A 10: 51

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

|  |  |  |
|---|---|---|
| **JOHN ISENHOWER,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** 2:18-cv-965 |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **ROLL TIDE RECOVERY, LLC;** | ) | |
| **TITLEMAX OF ALABAMA, INC;** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff, JOHN ISENHOWER, by and through undersigned counsel, and for his complaint states as follows:

### STATEMENT OF THE PARTIES

1.    Plaintiff, JOHN ISENHOWER, is over the age of nineteen (19) years old and is a resident of the city of Thorsby, in Chilton County, Alabama.

2.    Defendant ROLL TIDE RECOVERY, LLC. (hereinafter "RTR") is a domestic limited liability company.  RTR is qualified to do business

Page 1 of 16

in the state of Alabama and was, at all times relevant herein, doing business in the state of Alabama and in this District. RTR is, upon information and belief, in the business of automobile repossessions and is a "debt collector" as that term is defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692a(6).

3.    Defendant Titlemax of Alabama, Inc. (hereinafter "Titlemax") is a domestic corporation qualified to do business in the state of Alabama and that was, at all times relevant herein, doing business in the state of Alabama. Titlemax is, upon information and belief, in the business of providing short term loans in which customers pawn the title to their vehicles as collateral.

## STATEMENT OF FACTS

4.    Sometime prior to the events made the basis of this lawsuit, Plaintiff entered into an agreement with Defendant Titlemax and pawned the title of his 1997 Nissan pick-up truck ("the Vehicle").

5.    At some point prior to October 22, 2018, Titlemax arranged for RTR to take non-judicial self-help action in order to take possession of the Vehicle.

7.    At the time of the incidents made the basis of this lawsuit, RTR and

its employees/agents were operating as agents for Titlemax.

8.    The debt of the Plaintiff claimed by the Defendants was incurred for

personal, family or household services and is a "debt" as defined by

the FDCPA at 15 U.S.C. § 1692a(5).

9.    RTR regularly collects or attempts to collect debts/security interests

owed or due or asserted to be owed or due to another.

10.   RTR and its employees or agents are debt collectors subject to the

provisions of the FDCPA.

11.   In the course of attempting to take possession of the Vehicle from the

Plaintiff RTR and its agents or employees acted in a manner which

violated the FDCPA.

12.   On or about October 22, 2018, RTR through its employees or agents

attempted to use non-judicial self help action in order to take

possession of the Vehicle from the Plaintiff.

15.   RTR's agents and employees breached the peace in and about their

efforts to repossess the Vehicle.  Namely, RTR's employees or agents

refused to leave Plaintiff's property when Plaintiff demanded that

they do so, brandished a firearm to Plaintiff, damaged Plaintiff's

property and necessitated Plaintiff's involving law enforcement.

After said breaches of the peace, RTR's agents or employees took the

Vehicle with no present right to do so in violation of the law.

16.   Plaintiff's personal property in the Vehicle, including, but not limited

to, a toolbox were wrongfully taken by RTR.   When Plaintiff

demanded the return of his personal property, employees or agents of

RTR refused and stated their intention of keeping Plaintiff's personal

property in violation of the law.

## COUNT ONE
## (NEGLIGENCE)

17.   Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

18.   Defendants were under a duty to not breach the peace and to not

damage Plaintiff's property in and about their efforts to use non-

judicial self-help in repossessing the Vehicle.

19.   The Defendants breached that duty.

20.   At all times pertinent, RTR was acting as the agent of and for the

benefit of Defendant Titlemax.   RTR's acts and omissions were

undertaken in the line and scope of the principal/agent relationship

that existed between RTR and Titlemax.   Further, repossessing a

vehicle with non-judicial self-help constitutes a non-delegable duty. For these reasons, Titlemax is liable to the Plaintiff directly and pursuant to the doctrine of *respondeat superior*.

21. As a result of Defendants' negligence, Plaintiff was caused to suffer damage including but not limited to: physical injury, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

22. Wherefore, Plaintiff seeks judgment in his favor against Defendants for compensatory damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT TWO
## WANTONNESS

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendants acted wantonly when, in the course of attempting to repossess Plaintiff's vehicle on behalf of Defendant Titlemax, it's employees and agents damaged Plaintiff's home, personal property and the Vehicle.

25.   Defendants wantonly breached the peace in the course of attempting to repossess Plaintiff's vehicle.

26.   At all times pertinent, RTR was acting as the agent of and for the benefit of Defendant Titlemax.  RTR's acts and omissions were undertaken in the line and scope of the principal/agent relationship that existed between RTR and Titlemax.  Further, repossessing a vehicle with non-judicial self-help constitutes a non-delegable duty. For these reasons, Titlemax is liable to the Plaintiff directly and pursuant to the doctrine of *respondeat superior.*

27.   As a result of Defendants' acts and omissions detailed herein, Plaintiff was caused to suffer damage including but not limited to: physical injury, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

28.   Wherefore, Plaintiff seeks judgment in his favor against Defendants for compensatory and punitive damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT THREE
## TRESPASS

29.   Plaintiff incorporates by reference all of the above paragraphs of this
      Complaint as though fully stated herein.

30.   At the time of the incidents made the basis of this lawsuit, Defendant
      RTR intentionally entered Plaintiff's property without his consent or,
      alternatively, RTR's actions on Plaintiff's property exceeded any
      authority it may have had to be upon Plaintiff's property.

31.   The illegal entries by RTR's employees or agents onto Plaintiff's
      property caused him harm.

32.   At all times pertinent, RTR was acting as the agent of and for the
      benefit of Defendant Titlemax.  RTR's acts and omissions were
      undertaken in the line and scope of the principal/agent relationship
      that existed between RTR and Titlemax.   Further, repossessing a
      vehicle with non-judicial self-help constitutes a non-delegable duty.
      For these reasons, Titlemax is liable to the Plaintiff directly and
      pursuant to the doctrine of *respondeat superior*.

33.   As a result of Defendants' acts and omissions detailed herein,
      Plaintiff was caused to suffer damage including but not limited to:

physical injury, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

34. Wherefore, Plaintiff seeks judgment in his favor against Defendants for compensatory and punitive damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT FOUR
## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT AGAINST DEFENDANT RTR

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendant RTR is a debt collector as that term is defined by the Fair Debt Collection Practices Act at 15 U.S.C. §1692(a)(6).

37. The foregoing acts and omissions of Defendant RTR and its employees and agents constitute a violation of the FDCPA, 15 U.S.C. § 1692f(6), with respect to Plaintiff.

38. 15 U.S.C. § 1692f(6) prohibits taking any nonjudicial action to effect dispossession of property if there is no present right to possession of the property, in this case the Vehicle.

39. Once RTR's employees or agents breached the peace, they lost any

Page 8 of 16

right to use non-judicial self-help to repossess the vehicle and

violated the FDCPA.

40. Despite having no present right to possession of the Vehicle, RTR's

agents or employees took the Vehicle anyway in violation of the law.

41. As a direct and proximate result of the wrongful conduct visited upon

him by RTR in its collection efforts, Plaintiff suffered actual damages

including, but not limited to, worry, stress, anxiety, embarrassment,

physical pain, mental anguish and emotional distress.

42. As a result of Defendant RTR's violations of the FDCPA, Plaintiff is

entitled to actual damages in an amount to be determined by a struck

jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an

amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. §

1692k(a)(3), from Defendant RTR.

## COUNT FIVE
## NEGLIGENT TRAINING AND SUPERVISION

43. Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

44. The Defendants knew or should have known of the conduct set forth

herein which was directed at and visited upon Plaintiff.

45. The Defendants knew or should have known that said conduct was improper and violated the law.

46. The Defendants negligently failed to train and/or negligently failed to supervise their employees or agents in order to prevent said improper and illegal conduct.

47. Defendants negligently failed to train and supervise their employees with regard to repossessing vehicles.

48. As a result of Defendants' negligence, Plaintiff suffered harm including, but not limited to, stress, anxiety, embarrassment, physical injury, mental anguish and emotional distress.

49. Wherefore, Plaintiff seeks judgment in his favor against Defendants for damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT SIX
## RECKLESS AND WANTON TRAINING AND SUPERVISION

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The Defendants knew or should have known of the conduct set forth

herein which was directed at and visited upon Plaintiff.

52.   The Defendants knew or should have known that said conduct was

improper and violated the law.

53.   The Defendants recklessly and wantonly failed to train and/or

recklessly and wantonly failed to supervise their employees or agents

in order to prevent said improper and illegal conduct.

54.   Defendants recklessly and wantonly failed to train and supervise their

employees regard to repossessing vehicles.

55.   As a result of Defendants' reckless and wanton conduct, Plaintiff

suffered harm including, but not limited to, stress, anxiety,

embarrassment, physical injury, mental anguish and emotional

distress.

56.   Wherefore, Plaintiff seeks judgment in his favor against Defendants

for damages in such a sum as the jury may assess along with such

other and further relief as may be necessary, just and proper.

## COUNT SEVEN
## INVASION OF PRIVACY

57.   Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

58.   Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

59.   Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of attempting to repossess the Vehicle when they knew or should have known that their efforts to repossess the Vehicle would result in damage to Plaintiff's property and harm Plaintiff thereby invading and intruding upon Plaintiff's right to privacy.

60.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and home.

61.   The conduct of these Defendants and their agents, in engaging in the above-described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that same position.

62.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to punitive and actual damages in an amount to be determined

at trial from Defendants.

63.    At all times pertinent, RTR was acting as the agent of and for the

benefit of Defendant Titlemax.  RTR's acts and omissions were

undertaken in the line and scope of the principal/agent relationship

that existed between RTR and Titlemax.   Further, repossessing a

vehicle with non-judicial self-help constitutes a non-delegable duty.

For these reasons, Titlemax is liable to the Plaintiff directly and

pursuant to the doctrine of *respondeat superior*.

64.    Wherefore, Plaintiff seeks judgment in his favor against Defendants

for damages in such a sum as the jury may assess along with such

other and further relief as may be necessary, just and proper.

## COUNT EIGHT
## VIOLATION OF THE U.C.C. AGAINST DEFENDANT TITLEMAX

65.    Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

66.    Titlemax's manner of repossessing the Vehicle was a breach of the

peace in violation of Ala. Code § 7-9A-609.

67.    As a proximate cause of Titlemax's wrongful conduct, the Plaintiff

has been damaged.

68. Wherefore, Plaintiff seeks judgment in his favor against Titlemax for damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

## COUNT NINE
## CONVERSION

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. Defendant RTR illegally converted Plaintiff's property when it refused to return Plaintiff's personal property, namely the Vehicle and the toolbox in the Vehicle.

71. At all times pertinent, RTR was acting as the agent of and for the benefit of Defendant Titlemax. RTR's acts and omissions were undertaken in the line and scope of the principal/agent relationship that existed between RTR and Titlemax. For that reason, Titlemax is liable to the Plaintiff pursuant to the doctrine of *respondeat superior*.

72. As a result of RTR's conversion of his property, Plaintiff was caused to suffer damage.

73. Wherefore, Plaintiff seeks judgment in his favor against Titlemax and

RTR for damages in such a sum as the jury may assess along with such other and further relief as may be necessary, just and proper.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendants, jointly and severally, in statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief allowable by law and as this court deems proper and/or necessary.

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
JOHN ISENHOWER
395 Baggett Road
Thorsby, AL 35171

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

**ROLL TIDE RECOVERY, LLC**
C/O Registered Agent
Legalinc Corporate Services, Inc.
600 Blvd. South S.W. Ste. 104A
Huntsville, AL 35802

**TITLEMAX OF ALABAMA, INC.**
C/O Registered Agent
C T Corporation Systems
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Page 16 of 16